# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

CHU VUE,

    Petitioner,

  vs.

UNKNOWN,

    Respondent.

_____/

No. 2:18-CV-0123-MCE-CMK-P

ORDER

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        Petitioner has initiated this action in a letter (Doc. 1) requesting the appointment of counsel to assist him in preparing a habeas corpus petition, apparently challenging a state court conviction. Rule 2(c) of the Federal Rules Governing Section 2254 Cases requires that every habeas corpus petition must: (1) specify all the grounds for relief; (2) state the facts supporting each ground for relief; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury. In the instant case, petitioner's filing fails to meet any of these requirements. Petitioner will be given an opportunity to file a petition on the form employed by this court.

Petitioner seeks the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Finally, a review of the docket reflects that petitioner has not filed a complete application to proceed in forma pauperis, along with a "certification from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution" as required by Rule 3(a)(2) of the Federal Rules Governing Section 2254 Cases, or paid the required filing fee. See 28 U.S.C. §§ 1914(a), 1915(a). Petitioner will be provided the opportunity to submit either a completed application to proceed in forma pauperis, with the required certification, or pay the appropriate filing fee. As to the certification requirement, while a copy of petitioner's prison trust account statement certified by prison officials is not required to satisfy the requirement, such a statement will suffice.

Petitioner is cautioned that failure to comply with any portion of this order may result in dismissal of the entire action. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel (Doc. 6) is denied without prejudice to renewal, at the earliest, after a response to the petition has been filed;

2. Petitioner shall file an amended petition on the form employed by this court, and which satisfies the requirements of Rule 2(c) of the Federal Rules Governing Section 2254 Cases, within 30 days of the date of this order;

3. Petitioner shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, with the certification required by Rule 3(a)(2), or pay the appropriate filing fee;

4. The Clerk of the Court is directed to send petitioner a new form Application to Proceed In Forma Pauperis By a Prisoner; and

5. The Clerk of the Court is directed to send petitioner the court's form habeas corpus application.

DATED: February 26, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE